## DRIVER INJURED BY KICK OF HORSE.

Circuit Court of Cuyahoga County.

### DAVID HERBST V. THE SCHAEFFER-SUHR COAL CO.

Decided, December 17, 1909.

*Master and Servant—Negligence—Receipt in Full Settlement of Claim.*

One who has settled a claim for personal injuries received through the negligence of another and given a written receipt for the money paid him, reciting that it is in full settlement of his claim, in the absence of fraud or deceit, can not maintain an action for the recovery of damages growing out of said injuries.

*Hart, Canfield & Croke,* for plaintiff in error.
*Dissette, Dissette & Dissette,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. The plaintiff was an employee of the defendant, which is a corporation. He was driving a team owned by the defendant on the 22d of May, 1906. On that day, while driving the said team which consisted of a span of horses, he was ordered to hitch the team to a large roller, for the purpose of pulling it out of a hole

where it was located.  To do this, he was obliged to get right behind the horses,  and while on this work, one of the horses kicked him and injured his leg, to recover damages for which he brought this suit.  The plaintiff says that the horse which kicked him was known by the defendant to be a vicious animal and a kicker, equally liable at any time, without the least warning, to kick anyone without any cause whatever; that he had no knowledge of the character of the horse, and that he was not in any wise negligent in doing his work which he was doing at the time of the injury complained of.  The defendant answered, admitting the employment of the plaintiff by it and that he was injured by the kick of a horse owned by the defendant; it denies, however, that it was in any wise negligent in having him use the team in the way that he was directed to use it, and further the defendant answers, that whatever claim the plaintiff had against it for such injury was fully settled on the 26th day of July, 1906, for the consideration of $24.40, which it paid to him on account of the injury.  The plaintiff replies to this defense of settlement that there was not a settlement of the claim, but that the plaintiff paid him, without any solicitation on his part, but of its own free will, the sum of $24.40 while he was suffering from the injury.

On the trial there was introduced in evidence a writing which reads:

"CLEVELAND, OHIO, July 25, 1906.
"Received of the Schafer-Suhr Coal Company twenty four and 40-100 dollars in full settlement of accident claim for being kicked by horse.

(Signed)   "DAVID HERBST."

This paper writing the plaintiff admits that he signed, and says he can read and that he did read this writing, and that he received at the time of the signing of this paper the amount of money therein named.

It does not appear from the evidence that any fraud was perpetrated upon him to obtain this signature, nor is any effort made in this action to set it aside or have it canceled.

We think this is a compete defense to the claim of the plaintiff, and that whatever may be said as to any rule of the court, as to any question in relation to evidence, or whatever may have been said in the charge, the result reached was the result which should have been and must have been reached in this action.

The question in this case is settled by the case of *Ferry* v. *The O'Neal Company,* 78 Ohio St., 200.

The judgment of the court of common pleas is affirmed.